# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 06-0313 LJO<br>CV F 11-0509 LJO |
| Plaintiff, | |
| vs. | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc.442) |
| PHAT SAM, | |
| Defendant. | |

## INTRODUCTION

Defendant Phat Sam ("Mr. Sam") is a federal prisoner and proceeds pro se to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered Mr. Sam's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges And Plea Agreement

A September 14, 2006 indictment charged Mr. Sam with three counts: (1) conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. §§846 and 841(a)(1), (2) Possession of marijuana with the Intent to Distribute, in violation of 21 U.S.C. §841, and (3) possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1)(A)(I).

Mr. Sam entered into a January 8, 2010 Fed. R. Crim. P. 11(e)(1)(B) Memorandum of Plea Agreement ("plea agreement") by which Mr. Sam voluntarily agreed to plead guilty to Count III of the

indictment, possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1)(A)(I). The plea agreement provided Mr. Sam's knowing and voluntary waiver of his constitutional and statutory rights to appeal his plea and conviction. Mr. Sam agreed that "[a]cknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) . . . on the grounds set forth in Title 18 United States Code, section 2742, or on any ground whatever, in exchange for the concessions made by the United states in this plea agreement." (Doc. 402, Plea Agreement p.3.) In addition, Mr. Sam agreed to waive "his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including, but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255." *Id.*

Mr. Sam acknowledged that he understood that "the court is under no obligation to accept any recommendation made by the government and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum" and that "the Court must consult the Federal Sentencing Guidelines" and that "the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. §3553(a). The plea agreement addressed the potential sentence Mr. Sam faced, stating the following:

(a) Imprisonment.

    Mandatory minimum: five years

    Maximum: five years

Thus, the plea agreement informed Mr. Sam that the mandatory sentence was five years.

## **Acceptance of the Plea Agreement**

On January 8, 2010, the Court questioned Mr. Sam about whether he understood the terms of the plea agreement and whether he accepted those terms voluntarily. Mr. Sam acknowledged that he had gone through the plea agreement with counsel and that he did not have any questions about the agreement. Regarding the potential sentence imposed, the following exchange occurred:

THE COURT:    Do you understand as far as sentencing is concerned, that there is a mandatory minimum of five years. The minimum and the maximum are the same?

| | | |
|---|---|---|
| 1 | [Asst US Attorney]: | Correct. It is a five year mandatory sentence. |
| 2 | THE COURT: | Ok. Do you understand that the minimum and the maximum sentence is five years and the maximum possible fine is $250,000 or both fine and imprisonment. |
| 3 | | |
| 4 | THE INTERPRETER: | Excuse me, your Honor. Would you please repeat the fine again. |
| 5 | THE COURT: | Yes. $250,000 |
| 6 | THE DEFENDANT: | Okay. |

Regarding the right to appeal, the following exchange took place:

| | | |
|---|---|---|
| 8 | THE COURT: | And do you understand that you are waiving your right to appeal? |
| 9 | THE DEFENDANT: | Yes. |
| 10 | THE COURT: | Do you have any questions about this plea agreement? |
| 11 | THE DEFENDANT: | No. |

After reviewing Mr. Sam's rights to proceed to trial, the Court accepted Mr. Sam's guilty plea as a knowing and voluntary waiver of rights and a knowing and voluntary entry of a guilty plea.

### Sentencing

The Court conducted a May 13, 2010 sentencing hearing. Mr. Sam was present and was represented by counsel. Consistent with the plea agreement, this Court sentenced Mr. Sam to the statutory minimum of a term of 60 months (5 years) imprisonment and 36 months of supervised release upon release from imprisonment. After Mr. Sam was sentenced, and consistent with the plea agreement, the Government moved to dismiss Counts I and II of the Indictment. After the time to appeal had expired, Mr. Sam filed a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals, on November 24, 2010. (Doc. 432.) On February 7, 2011, the Ninth Circuit dismissed the appeal as untimely. (Doc. 438.)

### Section 2255 Motion

On March 25, 2011, Mr. Sam filed his section 2255 motion. Mr. Sam claims that his plea was not intelligent or voluntary because, at the time he entered his guilty plea, he told his attorney that he wanted to appeal and instructed his attorney to file an appeal. The attorney did not file an appeal. Mr. Sam argues that he did not validly waive his right to appeal the sentence and conviction. He also argues

that the Court did not explain the sentence it imposed and did not explain the reason for rejecting his arguments.[1]

## DISCUSSION

This Court finds independent bases for dismissal of Mr. Sam's section 2255 motion, as discussed more fully below. First, Mr. Sam's plea was voluntary and intelligent. Second, Mr. Sam waived his right to attack collaterally his sentence with a section 2255 motion. Third, Mr. Sam cannot show ineffective assistance of counsel. For each of these reasons, "it plainly appears from the face of the motion...that the movant is not entitled to relief." *U.S. v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987). Accordingly, this Court "*must* dismiss" Mr. Sam's section 2255 motion. *Id.* (emphasis in original).

### Voluntary and Intelligent Plea

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Here, Mr. Sam acknowledged that he was fully aware of the direct consequence of his plea, in both written and oral form. In the written plea agreement, Mr. Sam acknowledged and agreed that the

---

[1] In his motion, Mr. Sam argues that the "district court failed to give reasons for rejecting the argument, and did not explain why it chose the 108-month middle-range sentence it imposed." (Doc. 442, Petition p.9.) However, in this case, petitioner was sentenced not to 108-months, but to 60 months. The 60 month sentence was both the maximum possible sentence and the minimum possible sentence. (See doc. 402, Plea Agreement p. 8.) The sentence was stated both in the agreement and on the record at the change of plea.

4

statutory minimum term of imprisonment was 5 years and that the statutory maximum was also 5 years. At the time of the oral plea, Mr. Sam stated under oath that he was entering into the plea of guilty voluntarily, that he was satisfied with his attorney's representation, and that no one had forced him or threatened him to plead guilty. He stated that he understood that the minimum sentence for his offense was 5 years imprisonment and that sentencing was at the discretion of the Court. He understood that he was waiving his right to appeal. Thus, under *Brady*, Mr. Sam's plea must stand, as his plea was voluntary and intelligent.

### **Waiver**

Mr. Sam's waiver to attack collaterally his sentence with a section 2255 motion precludes Mr. Sam's claims, if any, related to his sentence. A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Mr. Sam's waiver of his appeal and collateral attack rights, as part of Mr. Sam's knowing and voluntary plea agreement, is valid. When reviewing his plea in open court, Mr. Sam affirmed his desire to be bound by the terms of the plea agreement. Because Mr. Sam waived his right to attack collaterally his sentence in a section 2255 motion, Mr. Sam is precluded from raising such issues in this section 2255 motion which do not relate to the performance of his attorney or voluntariness of waiver. *See Abarca*, 985 F.2d at 1013.

### **Ineffective Assistance Of Counsel**

Mr. Sam argues that he had ineffective assistance of counsel because he told his attorney that he wanted to appeal, yet counsel did not file an appeal. He argues that this was ineffective assistance of counsel because he "invalidly waived his right to appeal the sentence and conviction." (Doc. 442

Petition p. 5-6.)

A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064.

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.

A defendant is limited to attacking the voluntary and intelligent nature of the plea itself. *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602)."[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. 366. When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Defendant's ineffective assistance of counsel claim does not attack the voluntary or intelligent

nature of his plea. Defendant does not claim that the counsel's advice was inadequate in any way with respect to the plea he entered; his complaint is only that he wanted to appeal.

Indeed, at the change of plea, the knowing voluntary waiver was explored extensively. During the change of plea at sentencing hearing, the Court reviewed the terms of the plea agreement with defendant. The Court inquired whether defendant had read and understood the plea agreement, whether he had discussed it with counsel, and whether his signature appeared on the plea agreement. To each question, defendant responded "yes." The Court advised defendants of the rights he would lose by entering a plea of guilty and the maximum penalty provided by law for the offense. The Court also inquired whether defendant had signed the plea agreement voluntarily. Defendant responded "yes." The Court also inquired about waiving appeal rights to which defendant responded "yes." Further, defendant received substantial benefits from the plea agreement. Two counts were dismissed, each of which carried a 10 year mandatory term. (See Doc. 31-4 True Bill.) Indeed, in defendant's knowing and voluntary waiver as part of his written plea and at the acceptance of oral plea, defendant acknowledged his guilt of the crime charged. He acknowledged the factual bases for the indictment and admitted the charge. Accordingly, Mr. Sam was not deprived of effective assistance of counsel.

### **Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Sam's conviction. Accordingly, a certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Sams' section 2255 relief and a certificate of appealability. The clerk is directed to close Case No. CV F 11-0509.

IT IS SO ORDERED.

**Dated:   April 1, 2011**                          /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE